Attorneys—Rothenberg, McMorris & Smith for Basham; James E. Mathews for Baker; all of Cleveland.

## FEDERAL OPINIONS

No. 817

STARK et v. BAUER COOPERAGE CO.

U. S. Appeals, 6th Circuit

No. 3973. Decided Jan. 6, 1925

1212. USURY—Purpose of usury law to protect debtor against extortion.

997. REAL ESTATE—Transaction, not loan of money rather than sale of, because title is to be conditionally conveyed, because it is held as security or because debt is absolute.

DENISON, C. J.

One Crawford owned a tract of land in Kentucky in 1907, who was in imminent danger of losing it by foreclosure sale; and was willing to part with his equity therein at a great sacrifice. Bauer desired to buy it but failed because of his inability to raise the necessary money. He applied however to one Maxwell who eventually, pursuant with his arrangements with Bauer, bought the property from Crawford and his mortgagees for $175,000 and sold it to Bauer upon a land contract, with accompanying notes, for the total sum of $225,000 payable $25,000 down and $40,000 each year for five years with interest at 4½%. Upon full payment the deed was to be made.

Extensions were made and the interest was increased at times until in 1921, $120,000 had been paid and the interest stood at 7%. Two years notes, $80,000, remained unpaid. After Bauer's affairs passed into the hands of trustees for his creditors, suit was brought by them in the District Court to obtain a decree holding that the original transaction was a mortgage loan, that the debt, with lawful interest had been paid in full and that Maxwell should be directed to convey. The decree in the District Court gave Bauer the relief sought. The case was appealed to the Circuit Court of Appeals, which held:

1. The controlling question is whether this transaction was a loan of money by Maxwell to Bauer, or was a contract of purchase and sale. Bauer insists that it is the former.

2. The fact that the title has recently been in the apparent vendee and has been by him transferred to the later vendor, even when in connection with an executory contract of sale back to the former owner, cannot, of itself, be determinative.

3. If there is an absolute promise to pay the same amount that he was formerly owing, and to do so as a condition of getting back the title with which he has just parted, the inference that there is nothing but a debt with security for its payment becomes a strong one.

4. The formula upon which the case was decided in the court below was that a trans-

action could not be a sale when the purported vendor (Maxwell) did not have a general title, but only the same special interest which he retained after the purported sale.

5. The first vendor starts with the general title, and ends with it. This fact which dominates the situation is not so when the contract purchaser (Bauer) never had any title until he got it through the contract. There the contract vendor acquires the complete title, general and special.

6. There never was any debt from Bauer to Crawford, or to Maxwell until it was created by the contract, which was one of sale and purchase and not one of loan.

7. There was no usury and the sale contract should be enforced. This makes it unnecessary to consider the effect of Bauer's laches. Decree below reversed and record remanded.

Attorneys—Joseph S. Graydon and Joseph L. Lackner for Stark et; Murray Seasongood and Lester A. Jaffe for Bauer Co.; all of Cincinnati.